**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4286**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

HARVEY WILSON WARD, JR.,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge. (1:10-cr-00208-WO-1)

―――――――――

Submitted: January 26, 2012     Decided: February 14, 2012

―――――――――

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Graham Tod Green, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvey Wilson Ward, Jr., appeals his conviction and 188-month sentence imposed following his conditional guilty plea[1] to possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006), and possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). Ward's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning the reasonableness of his sentence. Ward filed a pro se supplemental brief, in which he challenges the district court's denial of his suppression motion and argues that he was denied effective assistance of counsel. Because we find no meritorious grounds for appeal, we affirm.

First, Ward questions the soundness of the district court's denial of his motion to suppress. Specifically, Ward questions whether the police had the requisite reasonable suspicion to initially detain him. In considering the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011).

_____

[1] Ward's guilty plea reserved his right to appeal the district court's denial of his motion to suppress.

It is well established that "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). In assessing the validity of a Terry stop, this court "consider[s] the totality of the circumstances . . . giv[ing] due weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

Here, two known, reliable informants told officers about drug activity at Ward's residence. The officers verified portions of those tips during their investigation. Further, the officers had apprehended one of Ward's customers, who admitted buying marijuana from Ward just minutes before. Finally, an officer observed Ward engage in what appeared to be a hand-to-hand drug transaction. These circumstances, taken as a whole, provide articulable facts from which the officers could form a reasonable suspicion that Ward was engaged in criminal activity.[2]

---

[2] To the extent Ward asserts that a pat down search occurred that exceeded the permissible scope of the Terry stop, we conclude the record shows no pat-down or frisk ever took place. Instead, the officer who detained Ward testified that when Ward (Continued)

Next, Ward asserts he was denied the effective assistance of counsel because his attorney failed to challenge the admissibility of the evidence against him on the grounds that Ward was not given his Miranda warnings and that Ward's consent for the search of his car and his home was involuntary. The record does not provide conclusive evidence of ineffective assistance of counsel. Accordingly, we decline to address Ward's claim on direct appeal. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Finally, Ward questions the reasonableness of his sentence. We review Ward's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence, this court must first determine whether the district court committed any significant procedural errors, examining the record for miscalculation of the Guidelines range, treatment of the Guidelines as mandatory, failure to consider the 18 U.S.C. § 3553(a) (2006) factors, the selection of a sentence based on clearly erroneous facts, and whether the court sufficiently explained the selected sentence. Id. at 51. If we find no significant procedural error, we next assess the substantive reasonableness of the sentence. United

turned around and placed his hands on his car the officer observed a firearm in Ward's back pocket.

4

States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). In doing so, we "examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). After thoroughly reviewing the record, we conclude that Ward's within-Guidelines sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We also deny Ward's pending motion to place the case in abeyance and to appoint of new counsel.[3] This court requires that counsel inform Ward in writing of the right to petition the Supreme Court of the United States for further review. If Ward requests that such petition be filed, but counsel believes that the petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ward.

---

[3] To the extent Ward argues that appellate counsel is ineffective based on counsel's decision to file an appeal in accordance with Anders, we conclude that argument is without merit.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED